**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THERESA JOSEPH and LEAH JOSEPH, | No. 12-35659 |
| Plaintiffs - Appellants, | D.C. No. 9:11-cv-00109-DWM-JCL |
| v. | |
| WALTER WILMERDING, in his fiduciary capacity and in his individual capacity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted November 7, 2013[**]
Portland, Oregon

Before: M. SMITH and HURWITZ, Circuit Judges, and PRO, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Philip M. Pro, Senior District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

Plaintiffs-Appellants Theresa and Leah Joseph appeal from the district court's order granting Defendant-Appellee Walter Wilmerding's motion for summary judgment. The Josephs challenge the district court's conclusions that (1) Wilmerding did not have a duty under Montana law to purchase homeowner's insurance for the Josephs' benefit; and (2) Wilmerding did not have a duty under Montana law to repair the home after the fire for the Josephs' benefit. Because the parties are familiar with the facts and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm.

Under Montana law, "[t]o maintain an action in negligence, the plaintiff must prove four essential elements: duty, breach, causation, and damages." *Fisher v. Swift Transp. Co.*, 181 P.3d 601, 606 (Mont. 2008) (citing *Eklund v. Trost*, 151 P.3d 870, 878 (Mont. 2006)). In determining whether a duty exits, courts consider "whether the imposition of that duty comports with public policy, and whether the defendant could have foreseen that his conduct could have resulted in an injury to the plaintiff." *Id.* (citing *Henricksen v. State*, 84 P.3d 38, 45–46 (Mont. 2004)). "The policy considerations weighed to determine whether to impose a duty include: (1) the moral blame attached to the defendant's conduct; (2) the desire to prevent future harm; (3) the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting

2

liability for breach; and (4) the availability, cost[,] and prevalence of insurance for the involved." *Henricksen*, 84 P.3d at 46 (quoting *Estate of Strever v. Cline*, 924 P.2d 666, 670 (Mont. 1996)).

Wilmerding was not negligent in failing to purchase homeowner's insurance because he had no duty to do so. The failure to purchase insurance creates foreseeable risks for the homeowner, not for third parties. Wilmerding's failure to purchase insurance was not morally blameworthy, nor would it have prevented future harm. *Henricksen*, 84 P.3d at 46. And imposing such a duty would impose a costly burden on homeowners outweighing any benefits to third parties. *Id.*

Similarly, Wilmerding had no duty to repair the home. The Josephs have waived any argument that Wilmerding's power to evict them was limited by principles of promissory estoppel or Montana landlord-tenant law. *See United States v. Wahchumwah*, 710 F.3d 862, 868 n.2 (9th Cir. 2013). Because Wilmerding could have evicted the Josephs at any time, his failure to make repairs was not morally blameworthy. Nor would imposing a duty to repair the home prevent future harm.

For the foregoing reasons, the district court properly granted Wilmerding's motion for summary judgment.

**AFFIRMED.**

3